James Charles PETEET, Appellant,

v.

The STATE of Texas, State.

No. 2–81–108–CR.

Court of Appeals of Texas,
Fort Worth.

April 14, 1982.

Wm. Cary Quillin, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for appellees.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of burglary of a habitation. The jury found the allegations of prior offenses contained in the indictment to be true and assessed the punishment of life imprisonment in the Texas Department of Corrections.

We affirm.

The sufficiency of the evidence is not in dispute. Briefly, this case is one of the

many prosecutions arising out of "Operation Westwind", an undercover operation conducted by law enforcement officials in Tarrant County. The undercover officers established fencing operations to buy and sell stolen merchandise. All transactions were captured by a hidden camera and recorded on video tape. This procedure was employed in appellant's case and used as evidence against him. Specifically, appellant was charged and convicted of burglary of a habitation, owned by George King.

■ By his first ground of error, appellant contends that the trial court erred in granting the State's motion to strike a prospective juror for cause. During voir dire a venireman stated that he had been charged with burglary when he was a juvenile, and that such experience produced a bias in favor of the appellant, greater than the presumption of innocence to which he was entitled. The State promptly challenged the juror for cause pursuant to V.A.C.C.P. art. 35.16(a) 8, which provides:

(a) A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury. A challenge for cause may be made by either the state or the defense for any one of the following reasons:

.    .    .    .    .

8. That he has a bias or prejudice in favor of or against the defendant.

The State's challenge for cause was properly sustained by the trial court. "While a trial court may hold a juror qualified who states that he can lay aside any opinion which he may have formed, no such discretion vests in the court with reference to a juror with bias or prejudice toward an accused." *Williams v. State*, 565 S.W.2d 63, 65 (Tex.Cr.App.1978); *Gonzales v. State*, 169 Tex.Cr.R. 49, 331 S.W.2d 748 (1960). In the instant case, venireman Farrell affirmatively expressed a bias in favor of appellant. The trial court correctly followed the mandates of the statute and case law by sustaining the State's challenge for cause. Appellant's first ground of error is overruled.

■ Next, appellant contends that the trial court committed reversible error in refusing to grant his motion to strike a prospective juror for cause. "[H]arm may be shown in the denial of challenge for cause by showing exhaustion of the defendant's peremptory challenges, denial of a request for additional peremptory challenges, and the seating of a juror upon whom the defendant would have exercised peremptory challenge." *Payton v. State*, 572 S.W.2d 677, 680 (Tex.Cr.App.1978). *Hernandez v. State*, 563 S.W.2d 947 (Tex.Cr.App.1978). In the case at hand, the record reflects that appellant exhausted his peremptory challenges. However, there is no showing that appellant requested an additional peremptory challenge, nor is there any showing that an objectional juror served on the jury, who otherwise would have been stricken had additional strikes been afforded appellant. Appellant attempted to demonstrate the latter by affidavit and a bill of exceptions on the composition of the jury. The trial court denied appellant's request to make a bill as being untimely under V.A.C.C.P. art. 40.09 6(a), which then provided that the bill be made within 90 days of appellant's notice of appeal. In the absence of a showing that appellant requested an additional peremptory strike, or that he was forced to take an objectionable juror, no error is presented. *Sifford v. State*, 505 S.W.2d 866 (Tex.Cr.App.1974). The second ground of error is overruled.

■ Finally, appellant argues that the trial court erred in admitting into evidence, over his objection, a video tape recording of a meeting between appellant and police undercover officers in which appellant sold the television stolen in the offense in question to the officers. Before a video tape recording is admissible, a seven-part predicate must be laid. These requisites set forth in *Cummings v. Jess Edwards, Inc.*, 445 S.W.2d 767 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n. r. e.), applicable to sound recordings and adopted with regard to video tape evidence in *Edwards v. State*, 551 S.W.2d 731, 733 (Tex.Cr.App.1977) are as

**818**

follows: " '(1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement.' "  See also *Roy v. State*, 608 S.W.2d 645 (Tex.Cr.App.1980) and *Holland v. State*, 622 S.W.2d 904 (Tex.App.— Fort Worth 1981).

In the instant case, appellant maintains that the State failed to show that the recording device was competently operated and that no changes, deletions, or additions had been made in the tape.  Initially, we observe that both the officer who made the tape and the officer in the tape testified that they had seen and heard the recording and it had not undergone any changes, additions or deletions.  This testimony was uncontroverted at trial, and we find the same sufficient to satisfy part four of the above quoted predicate.

We also reject appellant's contention that the competence of the operator was not shown prior to the admission of the tape. Officer Ladd, the recording equipment operator, testified that he had heard and seen the tape and that it reflected accurately what transpired on the date it was made. "[I]f a person who is in a position to hear a conversation testifies that he made a tape recording of that conversation and that he had listened to the tape recording and found it to coincide with what he heard the parties say, then it goes without saying that the recording device was 'capable of taking testimony' and that the 'operator of the device was competent.' "  *Edwards v. State, supra*, at 733.  The competence of the operator was sufficiently established.  The predicate for the admission of the recording was complete.  The third ground of error is overruled.

The judgment of the trial court is affirmed.