NO. 07-05-0285-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 22, 2006

_____

ROBERT EDWARD SHARP,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3133; HON. RON ENNS, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Robert Edward Sharp (appellant) appeals his conviction for indecency with a child. Via various issues, he contends that the trial court erred by 1) allowing the State's investigator to remain in the courtroom once the rule was invoked, 2) permitting a witness to impart hearsay when the State failed to comply with article 38.072 of the Code of Criminal Procedure, 3) admitting appellant's pen packet without proper authentication, and 4) allowing the State to reopen during punishment after it had rested. We affirm.

## *Issue One - Rule 614*

In his first issue, appellant contends the trial court erred when it allowed a State's witness to remain in the courtroom after he had invoked Rule 614 of the Texas Rules of Evidence. We disagree and overrule the issue.

According to the record, the State's investigator, Terry Vogel (Vogel), was allowed to remain in the courtroom during trial after the State invoked Rule 614 of the Texas Rules of Evidence. And, though Vogel was identified as a potential witness, the State asked that he be allowed to stay in the courtroom during the trial. The trial judge was also told by the prosecutor that "I'm probably *not* even going to call him, but in case I feel like I need to, just to explain how the investigation came about." (Emphasis added). So too did the prosecutor state that he believed he was entitled to have a "representative" of the State remain in the courtroom.[1] Thereafter, the trial court overruled appellant's complaint regarding Vogel's continued presence. Once trial began, Vogel was indeed called to testify, but the party doing so was appellant. The latter called him as an adverse witness. Furthermore, the State asked the witness no questions once appellant completed his examination of him.

Eventually, Vogel was called by the State at the punishment phase of the trial. But, immediately before that phase began, the trial court once again asked if "either party wish[ed] the witness rule be invoked for this portion of the trial?" Appellant responded "yes," and the names of the witnesses to be called then were disclosed to the trial court.

---

[1]Though a "representative" may be permitted to remain in court, this encompasses persons who are "an officer or employee of a party in a *civil* case or a *defendant* in a criminal case that is not a natural person designated as its representative by its attorney . . . ." TEX. R. EVID. 614(2) (emphasis added).

2

The list included Vogel. Appellant, however, did not renew his objection to Vogel's presence. And, when the State called him as its first witness, appellant voiced no objection about him testifying.

According to Texas Rule of Evidence 614, "at the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." TEX. R. EVID. 614. Assuming *arguendo* that Vogel was encompassed within this rule and should have been excluded, we conclude that appellant invited any harm that may have resulted and the error was waived.

The purpose of invoking the rule is to prevent potential witnesses from being influenced by, or modifying their testimony because of, the testimony of other witnesses. *Russell v. State,* 155 S.W.3d 176, 179-80 (Tex. Crim. App. 2005). Given this, logic dictates that any harm arising from a violation of the rule can arise only if the witness is called to testify. Simply put, if he does not testify, then there is no chance that he can impart modified or influenced testimony. Here, after appellant complained about Vogel's continued presence and the prosecutor represented that he would "probably not" have him testify, appellant called Vogel as a witness. This act effectively invited the harm sought to be avoided by the rule. And, by inviting the harm, appellant cannot now complain of it. *See Prystash v. State,* 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (stating that one cannot complain of error that he invites).

Moreover, when the trial court again asked, during the punishment phase, whether the parties wanted the rule invoked, appellant said nothing about excluding Vogel, though Vogel was expressly identified as a witness by the State. Nor did appellant object to Vogel testifying when called by the State. By calling the witness to testify during the

3

guilt/innocence phase and then withholding further objection once the trial court provided renewed opportunity to do so, appellant waived any complaint he may have had to Vogel's testifying in the punishment phase. *See Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990) (holding that one must complain each time an infraction is perceived, otherwise the complaint is waived). Accordingly, we overrule his first issue.[2]

### *Issue Two – Hearsay, Art. 38.072, and Notice of Extraneous Acts*

Appellant contends that the trial court erred by allowing Gorday, a sexual assault nurse examiner, to testify about statements made by the victim during the sexual assault examination. The statements involved appellant touching the child victim's breasts and buttocks on various occasions. According to appellant, the utterances involved either extraneous bad acts or offenses and did not fall within the hearsay exception established by article 38.072 of the Texas Code of Criminal Procedure. Nor was he given prior notice of the State's intent to introduce them. We overrule the issue.

*Hearsay*

The evidence at issue involved the victim's description of where appellant touched her at various times. And, as previously mentioned, the comments were made by the child during Gorday's sexual assault examination. Under those circumstances, the child's statements are excepted from the hearsay rule per Texas Rule of Evidence 803(4). *Beheler v. State*, 3 S.W.3d 182, 188-89 (Tex. App.–Fort Worth 1999, pet. ref'd); *Fleming*

---

[2]Under this issue, appellant also discussed Vogel's testimony characterizing appellant as a pedophile. We read this excerpt as appellant's attempt to show why the purported violation of Rule 614 was harmful, as opposed to a separate issue. But, if it was intended to be a separate issue, it was waived since appellant cited no authority illustrating that the characterization was legally improper. *See* TEX. R. APP. P. 38.1(h) (requiring litigants to cite authority in support of their contentions); *Cardenas v. State,* 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (holding that the failure to cite authority results in the waiver of the complaint).

*v.State*, 819 S.W.2d 237, 247 (Tex. App.–Austin 1991, pet. ref'd).  Thus, it did not matter if the requirements of article 38.072 were satisfied.

*Prior Notice*

Next, appellant contends that the trial court erred in admitting Gorday's testimony because it alluded to extraneous crimes (touching the child's buttocks) and the State failed to give him prior notice of intent to tender the evidence as required by Texas Rule of Evidence 404(b) and article 38.072 of the Texas Code of Criminal Procedure.  However, the prosecutor argued at trial that the evidence was admissible to illustrate the "entire relationship" between the child victim and appellant, and article 38.37 of the same Code permits the trial court to receive evidence of extraneous crimes or bad acts for that purpose.  TEX. CODE CRIM. PROC. ANN. art. 38.37, §2(2) (Vernon 2005).  Given that this statute was proffered as a ground justifying admission of the evidence despite the want of prior notice, appellant had the obligation before us to address why that provision was untenable.  *See Hitt v. State*, 53 S.W.3d 697, 705-06 (Tex. App.–Austin 2001, pet. denied) (holding that evidence of other crimes may be admissible under art. 38.37 though inadmissible under Rule 404(b)).  Because he did not, he has not shown that the trial court abused its discretion.  *See Minnesota Min. & Mg. Co. v. Nishika Ltd.,* 885 S.W.2d 603, 630 (Tex. App.–Beaumont 1994) *rev'd on other grounds*, 953 S.W.2d 733 (Tex. 1997) (stating that the appellant must illustrate why no grounds proffered at trial support the trial court's decision to admit evidence).

Yet, even assuming *arguendo* that the complaint was preserved and the trial court's decision was erroneous, we would find it harmless under the standard espoused in

5

*Hernandez v. State,* 176 S.W.3d 821 (Tex. Crim. App. 2005) (involving Rule 404(b)). According to *Hernandez,* when the alleged error concerns a lack of notice, the presence of harm depends on whether the appellant was surprised by the evidence. *Hernandez v. State,* 176 S.W.3d at 825-26. Here, appellant did and does not contend that Gorday's statement regarding his touching of the victim's buttocks caused him surprise. Neither does he assert that the omission prevented him from preparing a defense nor that had he known of the accusation his defense would have differed in any way. *See id.* (alluding to these as indicia for gauging surprise). Accordingly, the issue provides us with no basis to reverse the judgment.

### *Issue Three - Pen Packet*

Next, appellant asserts that the trial court erred in allowing the State to admit his pen packet since it was hearsay, not properly authenticated, and tendered without prior notice. We overrule the issue.

Regarding hearsay, we initially note that the State used witness Vogel as the conduit through which to admit the pen packet. The latter purported to evince that appellant was convicted of involuntary manslaughter by the 286th Judicial District Court of Hockley County, Texas, on December 12, 2002. More importantly, the only hearsay objection uttered by appellant at that time related to Vogel's testifying about what he saw and heard during that trial. Nothing was said about the packet itself being hearsay. So, because this particular ground went unmentioned below, it was not preserved for review. *See Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding that only the grounds for

6

objection raised on appeal must comport with those raised at trial, otherwise they are waived).

Next, with regard to the allegation of no prior notice of the State's intent to offer the evidence of a prior conviction for manslaughter, we turn to a document entitled "State's Notice Under Rule 404(b) Texas Rules of Criminal Evidence and Article 37.07, Texas Code of Criminal Procedure." Therein, the prosecutor informed appellant of his "intention to offer evidence of other crimes, wrongs, and/or other acts committed by the . . . defendant . . . [including] that he did commit the murder of his infant son, Matthew Sharp, on or about March of 1985, in Hockley County, Texas." This notice, filed months before trial, was amended approximately a week before trial and served on counsel for appellant. Via the amendment, the State substituted the word "manslaughter" for murder in reference to the death of Matthew Sharp. Given this, we conclude that appellant was afforded prior notice of the State's intent to offer evidence that he previously committed manslaughter.

Finally, concerning the authentication of the packet, appellant contends that the State did not comply with the notice requirements of Rule of Evidence 902(10). The latter encompasses business records and the self-authentication of same through an affidavit. One pursuing that avenue is obligated to file the records and affidavit with the court clerk at least 14 days before trial and notify the other parties of the filing. TEX. R. EVID. 902(10). Yet, pen packets, such as that at bar, may be authenticated under Rule 902(4) via a certification by their custodian that its contents are correct copies of the originals. *Reed v. State*, 811 S.W.2d 582, 586 (Tex. Crim. App. 1991); *accord, Cuddy v. State*, 107 S.W.3d 92, 96 (Tex. App.–Texarkana 2003, no pet.) (holding the same); *see* TEX. R. EVID. 902(4) (stating that a copy of an official record may be self-authenticated via certification as to its

accuracy by the custodian or other person authorized to so certify). Furthermore, Rule 902(4) has no notice requirement. Finally, the pen packet at bar was certified in the manner allowed by *Reed* and *Cuddy*.

### Issue Four - Reopening the Evidence

In his final issue, appellant contends that the trial court abused its discretion by allowing the State to "reopen" its case-in-chief during the punishment phase in violation of *Peek v. State*, 106 S.W.3d 72 (Tex. Crim. App. 2003). We overrule the issue.

According to *Peek*, a trial court may not permit a party to "reopen" his case unless the evidence to be introduced would "materially change the case in the proponent's favor." *Id.* at 79. In so holding, the Court of Criminal Appeals was attempting to encourage litigants to present their evidence "during the course of the trial rather than waiting until closing arguments." *Id.* This coupled with the use of the word "reopen" is illuminating for it connotes that the *Peek* court was addressing situations wherein all parties had presented their evidence, closed, and had only to tender their closing statements. We do not have that scenario before us.

During the punishment phase of the trial at bar, the State had just finished examining a witness and announced that it "rested." Appellant had yet to call any of his witnesses, however. And, within the span of a ten-minute recess, the prosecutor discovered that another of its witnesses was present and sought leave to present her testimony. Thus, we do not have a situation wherein *all* the evidence of both parties relating to punishment was thought to have been presented and the only thing left was to charge the jury and tender closing arguments. Rather, the parties were in "the course of

the trial," and the evidentiary portion of it had yet to be completed.  Given these elemental differences between the circumstances in *Peek* and those here, we conclude that *Peek* is inapposite.

Having overruled all of appellant's issues, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Publish.