NO. 07-07-0258-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 14, 2007
______________________________

CYNTHIA P. HERNANDEZ, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE COUNTY COURT at LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2006-441,705; HON. DRUE FARMER, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.
          Cynthia P. Hernandez appeals her conviction for driving while intoxicated. Through
two issues she contends that the trial court abused its discretion in overruling 1) her
objection to testimony about the horizontal gaze nystagmus (HGN) test showing her to be
intoxicated, and 2) her motion for a mistrial due to improper jury argument during the
punishment phase of the trial. We affirm the judgment. 
 
          Issue 1 - HGN Test Results 
          In her first issue, appellant complains of the trial court’s admission of testimony by
the arresting police officer that four clues are required on the HGN test to determine that
someone is intoxicated.


 We overrule the issue.
          First, to the extent that the question sought purportedly inadmissible evidence, a like
question was asked later at trial without objection by appellant. Moreover, when appellant
complained of the initial question and his objection was overruled, he neither solicited nor
obtained a running or continuing objection. So, because a similar question later was asked
and answered without objection, any complaint that appellant had was lost. See Haley v.
State, 173 S.W.3d 510, 516-17 (Tex. Crim. App. 2005) (stating that one must continually
object to purportedly inadmissible evidence or obtain a running objection to preserve his
complaint for appeal).
          Second, an officer may testify concerning the performance of an individual on an
HGN test but not correlate that performance to a precise blood alcohol content. Emerson
v. State, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994). We cannot say that the State was
attempting such here. The prosecutor’s question simply asked for the number of clues
needed to conclude that someone was intoxicated. He did not ask whether the presence
of those clues indicated that appellant had a certain blood alcohol level. See Burkett v.
State, 179 S.W.3d 18, 34 (Tex. App.–San Antonio 2005, no pet.) (holding inadmissible
testimony that six clues showed intoxication beyond the legal limit). 
          Additionally, the State alleged through its indictment that appellant was intoxicated
by not “having the normal use of [her] mental or physical faculties” as opposed to
exceeding the legal blood alcohol level, and the jury was charged in like manner. Nothing
was said about appellant having a particular blood alcohol level. And, to support the
charge as contained in the indictment, the State presented evidence discussing the HGN
clues exhibited by appellant, her swerving and failure to stop at a stop sign, the odor of
alcohol on her breath, her slurred speech, her red, watery eyes, her failure to successfully
perform various field sobriety tests, and her refusal to give a breath specimen. Much of
this was captured on video and available for the jury to see. Given this evidence and the
manner in which appellant was indicted and the jury charged, any insinuation in the State’s
question about the HGN test indicating a specific blood alcohol level was harmless at best. 
See id. at 35 (holding that there was no harm from the improper admission of HGN
testimony when the indictment did not allege intoxication by having a blood alcohol content
in excess of 0.08, there was no reference to blood alcohol content, and the defendant had
a strong odor of alcohol, could not follow instructions, refused a breath test, and refused
to perform field sobriety tests on video). 
          Issue 2 - Motion for Mistrial
          In her second issue, appellant claims the trial court erred in refusing to grant a
mistrial after the State mentioned, in closing argument during the punishment phase, that
appellant committed perjury. Prior to requesting a mistrial, appellant’s objection to the
comment was sustained, and the jury was instructed to disregard the utterance. We
overrule the issue.
          According to the record before us, appellant first broached the issue of perjury
during her closing argument. This was done when defense counsel alluded to 1) her
having denied, under oath at the guilt-innocence phase of the trial, that she had consumed
alcoholic beverages, and 2) the jury nevertheless having convicted her. It can be logically
said that in convicting appellant, the jury discredited her testimony and concluded that she
had indeed ingested intoxicating beverages. Despite that verdict and conclusion, appellant
again denied drinking but this time at the punishment phase of the trial. Apparently, these
circumstances persuaded defense counsel to argue at closing: “[t]oday she’s asked [at the
punishment phase] to get up and perjure herself and lay herself open to a felony charge,
which would be the effect of that. She testified as she did.” Because appellant first
opened the door to the idea of her committing perjury, she cannot complain of the
prosecutor pursuing the very same topic during its closing. So, if it was error on the part
of the State, the error was invited by appellant who cannot knowingly gain advantage from
it. Sharp v. State, 210 S.W.3d 835, 838 (Tex. App.–Amarillo 2006, no pet.) (holding that
one cannot complain of invited error). 
          The judgment of the trial court is affirmed. 
 
                                                                           Brian Quinn
                                                                          Chief Justice
 
Do not publish.