NO. 07-07-0258-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 14, 2007
_____

CYNTHIA P. HERNANDEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT at LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2006-441,705; HON. DRUE FARMER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

Cynthia P. Hernandez appeals her conviction for driving while intoxicated. Through two issues she contends that the trial court abused its discretion in overruling 1) her objection to testimony about the horizontal gaze nystagmus (HGN) test showing her to be intoxicated, and 2) her motion for a mistrial due to improper jury argument during the punishment phase of the trial. We affirm the judgment.

*Issue 1 - HGN Test Results*

In her first issue, appellant complains of the trial court's admission of testimony by the arresting police officer that four clues are required on the HGN test to determine that someone is intoxicated.[1]  We overrule the issue.

First, to the extent that the question sought purportedly inadmissible evidence, a like question was asked later at trial without objection by appellant.  Moreover, when appellant complained of the initial question and his objection was overruled, he neither solicited nor obtained a running or continuing objection.  So, because a similar question later was asked and answered without objection, any complaint that appellant had was lost.  *See Haley v. State,* 173 S.W.3d 510, 516-17 (Tex. Crim. App. 2005) (stating that one must continually object to purportedly inadmissible evidence or obtain a running objection to preserve his complaint for appeal).

---

[1] The testimony was as follows:

> Q.        . . . How many minimum clues do you need to determine that someone is intoxicated based on the HGN?
>
> [Defense counsel]: Objection, Judge.  HGN doesn't even determine that. It's common knowledge.
>
> THE COURT: Overruled.
>
> Q.        . . . What is the minimum number of clues on the HGN?
>
> A.        Four.
>
> Q.        Four?
>
> A.        Four clues.
>
> Q.        So even at the ALR Hearing, when you testified she had four clues, that was still enough to place in your mind she is possibly intoxicated?
>
> A.        Yes, sir.

Second, an officer may testify concerning the performance of an individual on an HGN test but not correlate that performance to a precise blood alcohol content. *Emerson v. State,* 880 S.W.2d 759, 769 (Tex. Crim. App. 1994). We cannot say that the State was attempting such here. The prosecutor's question simply asked for the number of clues needed to conclude that someone was intoxicated. He did not ask whether the presence of those clues indicated that appellant had a certain blood alcohol level. *See Burkett v. State,* 179 S.W.3d 18, 34 (Tex. App.–San Antonio 2005, no pet.) (holding inadmissible testimony that six clues showed intoxication beyond the legal limit).

Additionally, the State alleged through its indictment that appellant was intoxicated by not "having the normal use of [her] mental or physical faculties" as opposed to exceeding the legal blood alcohol level, and the jury was charged in like manner. Nothing was said about appellant having a particular blood alcohol level. And, to support the charge as contained in the indictment, the State presented evidence discussing the HGN clues exhibited by appellant, her swerving and failure to stop at a stop sign, the odor of alcohol on her breath, her slurred speech, her red, watery eyes, her failure to successfully perform various field sobriety tests, and her refusal to give a breath specimen. Much of this was captured on video and available for the jury to see. Given this evidence and the manner in which appellant was indicted and the jury charged, any insinuation in the State's question about the HGN test indicating a specific blood alcohol level was harmless at best. *See id.* at 35 (holding that there was no harm from the improper admission of HGN testimony when the indictment did not allege intoxication by having a blood alcohol content in excess of 0.08, there was no reference to blood alcohol content, and the defendant had

3

a strong odor of alcohol, could not follow instructions, refused a breath test, and refused to perform field sobriety tests on video).

*Issue 2 - Motion for Mistrial*

In her second issue, appellant claims the trial court erred in refusing to grant a mistrial after the State mentioned, in closing argument during the punishment phase, that appellant committed perjury. Prior to requesting a mistrial, appellant's objection to the comment was sustained, and the jury was instructed to disregard the utterance. We overrule the issue.

According to the record before us, appellant first broached the issue of perjury during her closing argument. This was done when defense counsel alluded to 1) her having denied, under oath at the guilt-innocence phase of the trial, that she had consumed alcoholic beverages, and 2) the jury nevertheless having convicted her. It can be logically said that in convicting appellant, the jury discredited her testimony and concluded that she had indeed ingested intoxicating beverages. Despite that verdict and conclusion, appellant again denied drinking but this time at the punishment phase of the trial. Apparently, these circumstances persuaded defense counsel to argue at closing: "[t]oday she's asked [at the punishment phase] to get up and perjure herself and lay herself open to a felony charge, which would be the effect of that. She testified as she did." Because appellant first opened the door to the idea of her committing perjury, she cannot complain of the prosecutor pursuing the very same topic during its closing. So, if it was error on the part of the State, the error was invited by appellant who cannot knowingly gain advantage from it. *Sharp v. State,* 210 S.W.3d 835, 838 (Tex. App.–Amarillo 2006, no pet.) (holding that one cannot complain of invited error).

4

The judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish.