NO. 07-08-0332-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 30, 2009

_____

PHIL ANDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409, 522; HONORABLE BRAD UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Phil Anderson, was convicted by a jury of sexual assault of a child younger than seventeen years of age and sentenced to four years confinement. Appellant contends the trial court erred by: (1) permitting the State to present evidence of extraneous offenses when the State failed to give him reasonable notice of its intent to use the evidence at trial;

and (2) overruling his objection to the State's challenge for cause of venireman Raymond Dabila.  We affirm.

## Background

In July 2005, a Lubbock County Grand Jury indicted Appellant for sexually assaulting N.C., a child younger than seventeen years of age.  On July 28, 2006, Appellant filed a request for notice of the State's intention to use evidence of extraneous offenses at trial. Appellant's request specifically included a request for notice of the State's intent to offer evidence at trial pursuant to article 38.37 of the Texas Code of Criminal Procedure.[1]

---

[1]Article 38.37 states as follows:

Sec. 1.  This article applies to a proceeding in the prosecution of a defendant for an offense under the following provisions of the Penal Code, if committed against a child under 17 years of age:

   (1) Chapter 21 (Sexual Offenses);
   (2) Chapter 22 (Assaultive Offenses);
   (3) Section 25.02 (Prohibited Sexual Conduct);
   (4) Section 43.25 (Sexual Performance by a Child);
   (5) an attempt or conspiracy to commit an offense listed in this section.

Sec. 2.  Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:

   (1) the state of mind of the defendant and the child; and
   (2) the previous and subsequent relationship between the defendant and the child.

Sec. 3.  On timely request by the defendant, the state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 2 in the same manner as the state is required to give notice under Rule 404(b), Texas Rules of Evidence.

Tex. Code Crim. Proc. Ann art. 38.37 (Vernon Supp. 2008).

In response, the State filed its *Notice of Extraneous Offenses and Prior Convictions*. In paragraph one of that notice, the State expressed its intent to offer evidence at trial of "[a]ny and all matters relating to the multiple offenses of Sexual Assault, victim N.C., occurring on or about January 1, 2005 until April 30, 2005, Lubbock County, Texas." On the same day, the State also filed its witness list which included, among others, Dominique Anderson and two forensic interviewers with the Child Advocacy Center (CAC).

At a pretrial hearing in 2006, Appellant made a blanket objection to the State's notice as "vague," and specifically objected to paragraphs two through eight. The trial court sustained Appellant's objection and indicated the State needed to supplement the notice if it intended to use the evidence at trial. On June 6, 2008, the State filed its supplemental notice. Paragraph ten of that notice stated the State intended to offer at trial "[a]ny and all matters relating to the multiple offenses of Sexual Assault, Indecency with a child, victim, N.C., a minor child occurring on or about January 1, 2003 through July 1, 2005."

At trial, over Appellant's objection, N.C. and Dominique Anderson were both allowed to testify to instances of sexual contact between Appellant and N.C., other than the offense relied upon by the State in support of the allegations contained in the indictment. A jury found Appellant guilty of sexual assault of a minor child under seventeen years of age and, following the punishment phase of trial, assessed Appellant's sentence at four years confinement. This appeal followed.

3

**Discussion**

Appellant contends that Dominique's and N.C.'s testimony regarding extraneous offenses should not have been admitted because the State did not give him reasonable notice of its intent to use the testimony at trial. As a result, Appellant asserts his cross-examination of Dominique, N.C., and a CAC forensic examiner was inhibited or less-effective. He also asserts the trial court erred by overruling his objection to the State challenging venireman Raymond Dabila for cause.

The State asserts sufficient notice of the extraneous offense evidence was given through the State's original and supplemental notices of extraneous offenses; CAC interviews; Child Protective Services (CPS) records; and other discovery from the State. The State also asserts the trial court properly granted the State's challenge for cause to venireman Dabila because he testified that, during the proceedings, he would be unable to put out of his mind the false accusation of a similar offense made against a close friend.

I.      **38.37 Notice**

At trial, Detective Dwayne Durham, Lubbock Police Department, testified that, during his investigation, Appellant signed a written confession describing a single sex act with N.C. The written confession was admitted at trial without objection. Dominique testified to an eyewitness account of a different incident, occurring within the time period designated in the State's supplemental notice, where Appellant sexually assaulted N.C. and N.C. testified

4

generally that she and Appellant engaged in multiple sex acts–twice a month during that same time period.[2]  Appellant's objections to this evidence of extraneous offenses was overruled.

We review claims challenging the admission of evidence of extraneous offenses for an abuse of discretion and will affirm the trial court's decision if it is within the zone of reasonable disagreement. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex.Crim.App. 2005). If an abuse of discretion is found because notice was unreasonable,[3] a harm analysis is required under Texas Rule of Appellant Procedure 44.2. *Wallace v. State*, 135 S.W.3d 114, 118 (Tex.App.–Tyler 2004, no pet.).  Notice is unreasonable if the accused was surprised by the evidence; *Sharp v. State*, 210 S.W.3d 835, 839 (Tex.App.–Amarillo 2006, no pet.) (citing *Hernandez v. State*, 176 S.W.3d 821, 825-26 (Tex.Crim.App. 2005)), and harmful if the lack of reasonable notice affected the accused's ability to mount an adequate defense; *McDonald,* 179 S.W.3d at 579, *e.g.,* affected his ability to prepare cross-examination or present mitigating evidence. *Wallace v. State*, 135 S.W.3d at 118-19. *See Hernandez*, 176 S.W.3d at 825-26.

---

[2]The trial transcript also indicates cross-examination by Appellant's counsel spanned approximately fourteen pages. A substantial portion of the cross-examination was devoted to discrediting her testimony with inconsistent statements related to the frequency she and Appellant engaged in sexual acts.

[3]Appellant does not challenge the admissibility of the extraneous offense evidence but only the reasonableness of the State's notice. Article 38.37 provides that a defendant who timely requests notice of the State's intent to introduce extraneous offenses during the case-in-chief is entitled to notice "in the same manner as the state is required to give notice under Rule 404(b). *Supra*, n. 1. Rule 404(b) provides that the notice of the State's intent need only be reasonable. *See* Tex. R. Evid. 404(b). The State does not contest the adequacy of Appellant's request for such notice.

Here, paragraph ten of the State's supplemental notice coupled with the production of Dominique's videotaped statement well in advance of trial gave Appellant reasonable notice of the nature and content of Dominique's expected testimony and that the State intended to use that testimony at trial. *See Hayden v. State*, 66 S.W.3d 269, 272 (Tex.Crim.App. 2001).[4] This is particularly so where, as here, Appellant's counsel did not dispute receiving actual notice of Dominique's videotaped statement in time to prepare for trial; *Hayden*, 66 S.W.3d at 272, and the State offered Dominique as a witness primarily to describe his eyewitness account of the extraneous offense. *See Hernandez*, 176 S.W.3d at 826. Further, considering how relevant an eyewitness account of an extraneous offense would be in the prosecution of a sexual assault charge, it strains credulity to think the State would not have intended to use Dominique's eyewitness account at trial. *Id.* The same analysis applies to the videotaped interviews of N.C. and Dominique by CAC forensic interviewers.

Assuming, as Appellant suggests, the State's discovery did not contain statements by N.C. that she and Appellant had performed numerous sex acts over a period of time, paragraph ten of the State's supplemental notice put Appellant on notice that the State intended to offer such evidence. In addition, prior to her testimony, the State specifically informed Appellant that N.C.'s testimony would include such extraneous acts and, although

---

[4]Appellant's reliance on *Buchanan v. State*, 911 S.W.2d 11 (Tex.Crim.App. 1995) (en banc), is misplaced. In *Buchanan*, the Court of Criminal Appeals held that the State's notice is unreasonable where the sole reference to the extraneous offense is an offense report in the police file. *Id.* at 15 (open file policy alone is insufficient notice of State's intent to introduce such evidence in its case-in-chief).

Appellant objected, he did not seek a continuance to better prepare his cross-examination. Moreover, N.C.'s testimony described a continuous sexual relationship with Appellant spanning the time period designated by the notice. Under the circumstances, we cannot say the trial court's ruling was outside the zone of reasonable disagreement.

That said, even if we were to find that the trial court erred by admitting the evidence, Appellant asserts no more than a general inability to conduct cross-examination or develop mitigating evidence as a result. He does not attempt to establish how his defense strategy might have differed or whether he was unable to prepare his defense. The record, on the other hand, reflects Appellant received sufficient notice to prepare for trial, his strategy at trial was to discredit the testimony of Dominique and N.C. and his cross-examination was lengthy and vigorous. Appellant's first issue is overruled.[5]

---

[5]Appellant's brief is unclear whether he is also appealing the sufficiency of the State's notice of its intent to use evidence of extraneous offenses in the punishment phase. *See* Article 37.07, § 3 (g). Prior to beginning the punishment phase, both parties announced their readiness. The record indicates the State re-urged its evidence offered during the guilt/innocence phase of the trial and, during its closing argument to the jury, made specific reference to the extraneous offense described by Dominique. Appellant made no objection to the State's evidence or jury argument and, as a result, preserved no issue for appeal. Tex. R. App. P. 33.1(a). *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); *Von Byrd v. State*, 569 S.W.2d 883, 889 (Tex.Crim.App. 1978), *cert. denied*, 441 U.S. 967, 99 S.Ct. 2418, 60 L.Ed.2d 123, *reh'g denied*, 444 U.S. 888, 100 S.Ct. 190, 62 L.Ed.2d 123 (1979).

## II.     Challenge for Cause

Appellant's second issue asserts the trial court erred in granting a challenge for cause by the State of a prospective juror who allegedly expressed a bias in favor of Appellant.[6]

A challenge for cause is "an objection made to a particular juror, alleging some fact that renders the juror incapable or unfit to serve on the jury."  Article 35.16(a) (Vernon 2006).  A challenge for cause may be made on the ground that a prospective juror is biased or prejudiced for or against the defendant.  Article 35.16 (a) (9).  "Bias" means an inclination toward one side of an issue rather than to the other leading to the natural inference that the juror will not act with impartiality.  *Anderson v. State*, 633 S.W.2d 851, 853 (Tex.Crim.App. 1982).

If bias or prejudice is not established as a matter of law, the trial court has discretion to determine whether bias or prejudice actually exists to such degree that a prospective juror is disqualified and that the challenge for cause should be sustained.  *Little v. State*, 758 S.W.2d 551, 556 (Tex.Crim.App. 1988) (citing *Anderson*, 633 S.W.2d at 854).  If the prospective juror is shown to be biased as a matter of law, he or she must be excused when challenged, even if he or she states that she can set aside her bias and provide a fair trial. *Tran v. State*, 221 S.W.3d 79, 83-84 (Tex.App.–Houston [14th Dist.] 2005, pet. ref'd).

---

[6]Whether Appellant preserved his complaint for appeal is not disputed.

We review the *voir dire* record in its entirety and ask whether the trial court had a rational basis for its conclusions; *Granados v. State*, 85 S.W.3d 217, 231 (Tex.Crim.App. 2002), while affording the trial court considerable deference, because it is in the best position to evaluate a prospective juror's demeanor and responses. *Russeau v. State*, 171 S.W.3d 871, 879 (Tex.Crim.App. 2005). We will thus reverse a trial court's ruling on a challenge for cause only for an abuse of discretion. *Id.* This is especially true when the trial court is faced with a vacillating or equivocating prospective juror. *King v. State*, 29 S.W.3d 556, 568 (Tex.Crim.App. 2000) (particular deference is given when the potential juror's answers are vacillating, unclear, or contradictory).

During jury selection, prospective juror Dabila advised that a good friend had been charged with sexual assault of a child under seventeen years of age. The following colloquy occurred between the State, Appellant, and the trial court:

STATE: Mr. Dabila, you indicated that you had a friend that was accused.

DABILA: Yes, sir.

STATE: And that the victim recanted in that case and that that case kind of went away; is that right?

DABILA: Yes, sir.

STATE: Anything about the way that was handled by the police department or the District Attorney's office or anything like that would influence in a case such as this?

DABILA: Well, considering that it took awhile and what they did to him, it kind of hurt me, too, because he was a good friend of mine and I knew he hadn't

9

done it, but they were accusing him of doing something that when you just hug somebody, it's just a hug. It's not that thing.

STATE: Do you think that that would be something that would be on your mind and depending on the facts and circumstances could make you think of that while you're deliberating on this case and could influence your verdict in this case?

DABILA: It would because as long—I would say you look at him, and he's a good friend and everything, and then she turned around and said lies about him, you know. And plus that, what hurt more, watching him—his own family go taken away from him–

STATE: Okay.

DABILA: –and that wasn't right.

STATE: Thank you, sir. We challenge for cause, Your Honor.

DEFENSE: I've got a couple of questions.

COURT: Alright.

DEFENSE: Mr. Dabila, are you saying that your experience would make it where you would automatically vote for not guilty in allegations like this?

DABILA: I'd have to really look at the evidence first.

DEFENSE: Well, let me put it to you kind of flip side of that. If you believed that the State had proved their case beyond a reasonable doubt, could you follow the law and vote guilty if that was what you–

DABILA: It depends on the evidence. I'd have to look at the evidence and take the judgment. And then I'd still be thinking about what happened to my friend, though.

COURT: Let me ask you a question, sir. Based on what happened to your friend—

DABILA: Un-huh.

COURT: Do you feel that that might influence your verdict in this case?

10

DABILIA: I think it would.

COURT: Okay.  The challenge is sustained.

During examination by the State and the trial court, Dabila indicated that his friend's experience "would" influence his verdict.  Although Dabila testified during examination by Appellant's counsel that he would have to look at the evidence before convicting, he nevertheless reiterated that he would "still be thinking about what happened to my friend." Under the circumstances, we find the trial court did not abuse its discretion in sustaining the State's challenge for cause.[7]  Appellant's second issue is overruled.

## Conclusion

_____The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[7]*See Chauncey v. State*, 837 S.W.2d 179, 181-82 (Tex.App.–El Paso 1992), *aff'd*, 877 S.W.2d 305 (Tex.Crim.App. 1994) (trial court's ruling in favor of state's challenge for cause upheld where prospective juror demonstrated bias in favor of the defendant because a family member suffered from alcohol abuse); *Burton v. State*, 805 S.W.2d 564, 568 (Tex.App.–Dallas 1991, pet. ref'd) (trial court's ruling in favor of state's challenge for cause upheld where prospective juror demonstrated bias in favor of defendant because her son had recently been arrested for car theft); *Peteet v. State*, 631 S.W.2d 816, 817 (Tex.App.–Fort Worth 1982, no pet.) (trial court's ruling in favor of state's challenge for cause upheld where prospective juror demonstrated bias in favor of defendant because he had been charged with burglary as a juvenile).

11