NO. 07-10-00225-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
7, 2011

 



 

ENRIQUE PRIETO, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-421,435; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

OPINION

            Appellant,
Enrique Prieto, pleaded guilty to allegations of
aggravated robbery[1]
and elected to have a jury assess punishment. 
A Lubbock County jury assessed a life sentence and a $10,000.00 fine as
punishment for his offense.  Appellant
now contends that errors alleged to have occurred in the punishment phase of
trial call for reversal.  Specifically,
he contends that the trial court abused its discretion by admitting hearsay
testimony from two witnesses and that the cumulative effect of their hearsay
testimony was harmful error.  We will
affirm.

Factual and Procedural History

            Appellant
makes no contention of error in the guilt-innocence phase of trial.  At the trial on punishment, the jury heard
details surrounding how appellant assaulted seventy-one-year-old Dannie Moore
with a saw, rake, PVC pipe, or some combination thereof and took Moore’s
vehicle.  Appellant was later arrested
when he was found asleep and intoxicated in Moore’s vehicle while wearing
clothing and gloves that bore Moore’s blood.

            Following
evidence detailing the instant offense, the State introduced evidence that appellant
had allegedly sexually abused his adopted daughter.  It is with regard to this evidence that
appellant contends the trial court abused its discretion.

            Kayla
Kerner, a high school junior at the time of trial, is
a friend of appellant.  Kerner testified that, when she and the victim were in
eighth grade, the victim had told Kerner that
appellant had sexually abused her. 
Though the State attempted to elicit only Kerner’s
understanding and follow-up actions regarding what the victim had confided in her,
the subject-matter of the victim’s statements to Kerner
was revealed throughout Kerner’s testimony.

            The
next day, the victim testified, without objection and at some length, regarding
the numerous instances of sexual abuse. 
Testifying shortly after the victim was Patricia Salazar.  Salazar is a sexual assault nurse examiner
(SANE).  She testified that, prior to the
physical examination and as part of the sexual assault examination process, she
obtained from the victim a detailed history of the alleged abuse.  She testified that the victim described
numerous instances of vaginal and anal penetration by appellant.  She testified that her findings during the
sexual assault examination on the victim were consistent with multiple
instances of abuse.  

            The
jury assessed a life sentence as punishment for aggravated robbery, and the
trial court imposed said sentence on May 13, 2010.  Appellant perfected his appeal, one he limits
to the trial on punishment, and now contends that the trial court abused its
discretion by admitting the testimony of Kerner and
Salazar regarding statements made to them concerning the alleged sexual abuse
and that cumulative effect of the admission of their testimony amounted to
harmful error.  We disagree.

Standard of Review

            We
review a trial court’s decision to admit or exclude evidence for abuse of
discretion.  Shuffield
v. State, 189 S.W.3d 782, 793 (Tex.Crim.App.
2006).  A trial court does not
abuse its discretion if its decision is within the zone of reasonable
disagreement.  See
Walters v. State, 247 S.W.3d 204, 217 (Tex.Crim.App.
2007); Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App.
1991) (op. on reh’g).  We will sustain the trial court’s decision if
that decision is correct on any theory of law applicable to the case.  Romero v. State, 800
S.W.2d 539, 543 (Tex.Crim.App. 1990).

Anaylsis

            Appellant
complains of both Kerner’s and Salazar’s
testimony.  For purposes of analysis, we
will address Salazar’s testimony first.

 

Salazar’s testimony

            Salazar
testified to the statements the victim made to her prior to the physical
examination.  Consistent with the
victim’s account of abuse, Salazar’s findings indicated that the victim had
sustained multiple penetrating injuries.

            Appellant
contends that Salazar’s testimony was inadmissible hearsay.  See Tex.
R. Evid. 802. 
However, because the testimony concerned the victim’s description of the
abuse given during Salazar’s sexual assault examination of the victim,
Salazar’s testimony is excepted from hearsay as
“statements made for purposes of medical diagnosis or treatment and describing
medical history, or past or present symptoms, pain, or sensations, or the
inception or general character of the cause or external source thereof insofar
as reasonably pertinent to diagnosis or treatment.”  Tex.
R. Evid. 803(4).  See Sharp v. State, 210 S.W.3d
835, 839 (Tex.App.—Amarillo 2006, no pet.).[2]   

            For
statements to be admissible under Rule 803(4), the proponent of the evidence
must show that (1) the declarant was aware that the
statements were made for the purposes of medical diagnosis or treatment and
that proper diagnosis or treatment depended on the veracity of the statement
and (2) the particular statement offered is also “pertinent to treatment,” that
is, it was reasonable for the health care provider to rely on the particular
information in treating the declarant.  Taylor v. State, 268 S.W.3d 571, 589,
591 (Tex.Crim.App. 2008); Mbugua
v. State, 312 S.W.3d 657, 670–71 (Tex.App.—Houston
[1st Dist.] 2009, pet. ref’d).

            Here,
Salazar testified to her duties and responsibilities as a SANE.  She also testified that as a part of the
sexual assault examination process, she obtains a history from the child and
explains to the child “what we’re going to do.” 
Specifically, she testified that she asked the thirteen-year-old victim
in this case if she knew why she was at the medical center to undergo the
examination, and the victim indicated that she did understand.  Salazar explained the relationship between
the victim’s account of the abuse and the examination, diagnosis, testing, and
treatment based on that account: “Basically[,] the
reason why we speak to the child is, one, I need to tell the child what we’re
going to do.  And, two, I need to find
out what the child can tell me about what happened to their body parts.”  She went on to explain that she needs to know
if there was a transfer of blood or bodily fluid for purposes of testing for
diseases and that she needs to know what parts of the body were affected so that
she could focus her examination accordingly. 
Based on this testimony, the trial court could have found that the
victim’s statements to Salazar during the preliminary interview were reasonably
pertinent to diagnosis or treatment.  See
Taylor, 268 S.W.3d at 589 (discussing the tacit presumption that
patients understand that medical professionals’ “questions are designed to
elicit accurate information and that veracity will serve their best interest); see
also Sharp, 210 S.W.3d at 839; Beheler
v. State, 3 S.W.3d 182, 188–89 (Tex.App.—Fort
Worth 1999, pet. ref’d); Fleming
v. State, 819 S.W.2d 237, 247 (Tex.App.—Austin
1991, pet. ref’d).

Kerner’s testimony

            The
State concedes that Kerner’s testimony was
inadmissible as hearsay.  It makes no
contention that her testimony was admissible as outcry testimony; it
acknowledges that it did not give notice of intent to call her as such and
could not have done so at any rate because she was not an adult and, therefore,
not qualified to be an outcry witness under article 38.072.  See Tex.
Code Crim. Proc. Ann. art.
38.072 (West Supp. 2010).  The State maintains, however, that any error
associated with admission of Kerner’s testimony was
harmless in light of the admission of the victim’s own testimony concerning the
alleged sexual abuse.

            We
have reviewed the State’s concession in light of the record and find it to be
well-taken.  Article 38.072 requires that
an outcry witness be “18 years of age or older” when the outcry was made, and Kerner was not over the age of eighteen at the time the
victim made the statements to her.  See
id. art. 38.072 § 2(a)(3).  Further, as the State concedes it did not do,
article 38.072 requires that the offering party provide timely notice of its
intent to call an outcry witness.  See
id. art. 38.072 § 2(b)(1)(A)–(B).
 We conclude, however, that the error in
admitting the hearsay testimony was harmless.

            The
Texas Court of Criminal Appeals has recently reiterated that “erroneously
admitting evidence ‘will not result in reversal when other such evidence was
received without objection, either before or after the complained-of
ruling.’”  Coble v. State, 330
S.W.3d 253, 2010 Tex. Crim. App. LEXIS 1297, at *67 (Tex.Crim.App.
2010) (quoting Leday v. State, 983
S.W.2d 713, 718 (Tex.Crim.App. 1998)); see also
Estrada v. State, 313 S.W.3d 274, 302 n.29 (Tex.Crim.App.
2010) (noting that any preserved error with respect to admission of
complained-of evidence was harmless in light of “very similar evidence”
admitted without objection); McNac v. State,
215 S.W.3d 420, 424–25 (Tex.Crim.App. 2007) (in harm
analysis, concluding that the “unchallenged evidence [was] essentially
cumulative” of the challenged evidence). 
In other words, error in the admission of evidence may be rendered
harmless when “substantially the same evidence” is admitted elsewhere without
objection.  Mayes v.
State, 816 S.W.2d 79, 88 (Tex.Crim.App. 1991).

            Not
only did the evidence concerning the victim’s statements to Salazar regarding
the abuse come into evidence under Rule 803(4), the victim herself testified in
great detail and without objection as to the multiple instances of abuse by
appellant.  We conclude that the error in
admitting Kerner’s testimony was harmless because (1)
Salazar’s testimony, “very similar” in nature to Kerner’s
testimony, properly came into evidence as an exception to hearsay and (2) “very
similar” evidence was admitted without objection by the victim’s own testimony
concerning the repeated instances of sexual abuse by appellant.  See Estrada, 313 S.W.3d at 302 n.29.

Cumulative error

            Having
found no error associated with the admission of Salazar’s testimony and having
found no harm stemming from any error associated with the admission of Kerner’s testimony, we overrule appellant’s contention that
the cumulative effect of their testimony was harmful error.

 

Conclusion

            Having
overruled appellant’s point of error, we affirm the trial court’s judgment
imposing a life sentence.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

Publish.











[1]
See
Tex. Pen. Code Ann. §§ 29.02, 29.03 (West 2003).





[2]
Appellant invites this Court to reconsider and
overrule our holding in Sharp.  He
supports his invitation by explaining that it is, or should be, well-known that
a SANE, such as Salazar, “never actually treats a child, but functions as a
pro-prosecution witness in every instance. 
The function of a [SANE] is to try to assist their prosecution
colleagues to secure a conviction, not to treat a child.”  As our sister court did, we reject appellant’s
argument regarding the purpose of the SANE examination.  Torres v. State, 807
S.W.2d 884, 886–87 (Tex.App.—Corpus Christi 1991,
pet. ref’d) (specifically rejecting the kind of
argument appellant makes here that Salazar is “collecting evidence for the
prosecution, not providing treatment”).