

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00014-CR
No. 07-24-00015-CR

---

**JEFFREY AARON BRINSON, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court Nos. 6575 & 6764, Honorable Dale A. Rabe, Presiding

---

October 7, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Jeffrey Aaron Brinson appeals from the trial court's two judgments. Through that entered in Cause No. 6575, the trial court revoked his community supervision, adjudicated him guilty of assault by impeding breathing, and sentenced him to 50 years imprisonment. Through Cause No. 6764, it adjudicated his guilt for assault family violence and imposed a 15-year prison term. He attacks each conviction via two issues, namely the sufficiency of the evidence illustrating conditions of probation were violated and the propriety of ordering the sentences to run consecutively. We affirm.

***Background***

In April 2022, appellant pleaded guilty to both crimes for which he was ultimately convicted. However, the trial court deferred the adjudication of his guilt in each cause and placed him on community supervision. The State subsequently moved to adjudicate guilt in each cause, averring multiple ways in which he violated the terms of his probation. Upon convening separate evidentiary hearings in each case, the court found appellant had violated several conditions of probation, granted the motions to revoke, adjudicated appellant guilty of the respective crimes, and ultimately sentenced him as mentioned earlier. So too did it stack appellant's ensuing sentences.

***Issues One, Two, and Three—Sufficiency of the Evidence***

By his first three issues, appellant argues the trial court erred in adjudicating his guilt since the State failed to prove he violated any condition of probation. We overrule the issues.

When reviewing an order revoking community supervision, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Next, a single violation of community supervision is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). So, to prevail on appeal, the appellant must successfully challenge all findings that support the revocation order. *Sharp v. State*, No. 07-19-00409-CR, 2020 Tex. App. LEXIS 7124, at *6 (Tex. App.—Amarillo Sep. 2, 2020, pet. ref'd) (mem. op., not designated for publication). *Garcia v. State*, No. 02-15-00138-CR, 2017 Tex. App. LEXIS 716, at *3 (Tex. App.—Fort Worth Jan. 26, 2017, pet. ref'd) (mem. op., not designated for

2

publication); *Black v. State*, 411 S.W.3d 25, 28 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Appellant did not challenge on appeal the trial court's finding in Cause No. 6575 that he failed to complete his community service hours. Nor did he here contest the finding in Cause No. 6764 that he failed to complete drug evaluations as ordered. Having failed to challenge every finding underlying each decision to revoke community supervision, appellant fell short of carrying his appellate burden described in *Sharp*.

### Issue Four—Consecutive Sentences

Through his last issue, appellant argues the trial court erred in ordering his sentences to run consecutively. That resulted in a grossly disproportionate sentence, allegedly. We overrule the issue.

Though appellant originally moved for the sentences to run concurrently, he eventually uttered, though legal counsel: "I would ask the Court to run these sentences **consecutively**." (Emphasis added). This came during his argument at the sentencing hearing in Cause No. 6764. The trial court apparently acquiesced by ordering the sentence in 6764 begin after that levied in 6575 ended. Because appellant invited the sentence received, he cannot now complain of it. *Sharp v. State*, 210 S.W.3d 835, 838 (Tex. App.—Amarillo 2006, no pet.).

Moreover, an analysis of the circumstances at bar under the standard we described in *Chappell v. State*, Nos. 07-17-00151-CR, 07-17-00299-CR, 2018 Tex. App. LEXIS 882, at *16 (Tex. App.—Amarillo Jan. 31, 2018, pet. ref'd) (mem. op., not designated for publication) leads us to conclude that stacking the sentences did not render the sentence grossly disproportionate. The criminal acts involved two different

3

instances of assault.  So too had he previously been convicted of aggravated assault with a deadly weapon.  Stacked sentences obligating appellant to serve 65 years in prison after committing three independent violent felonies does not evince that rare instance of gross disproportionality.  *See Stevens v. State*, 667 S.W.2d 534, 538 (Tex. Crim. App. 1984) (observing that the cumulation of sentences does not constitute cruel and unusual punishment).

Having overruled each of appellant's issues, we affirm the judgments of the trial court.


Brian Quinn
Chief Justice


Do not publish.

4