NO. 07-10-00225-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 7, 2011

ENRIQUE PRIETO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,435; HONORABLE CECIL G. PURYEAR, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Enrique Prieto, pleaded guilty to allegations of aggravated robbery[1] and elected to have a jury assess punishment. A Lubbock County jury assessed a life sentence and a $10,000.00 fine as punishment for his offense. Appellant now contends that errors alleged to have occurred in the punishment phase of trial call for reversal. Specifically, he contends that the trial court abused its discretion by admitting hearsay testimony from two witnesses and that the cumulative effect of their hearsay testimony was harmful error. We will affirm.

---

[1] See TEX. PEN. CODE ANN. §§ 29.02, 29.03 (West 2003).

Factual and Procedural History

Appellant makes no contention of error in the guilt-innocence phase of trial. At the trial on punishment, the jury heard details surrounding how appellant assaulted seventy-one-year-old Dannie Moore with a saw, rake, PVC pipe, or some combination thereof and took Moore's vehicle. Appellant was later arrested when he was found asleep and intoxicated in Moore's vehicle while wearing clothing and gloves that bore Moore's blood.

Following evidence detailing the instant offense, the State introduced evidence that appellant had allegedly sexually abused his adopted daughter. It is with regard to this evidence that appellant contends the trial court abused its discretion.

Kayla Kerner, a high school junior at the time of trial, is a friend of appellant. Kerner testified that, when she and the victim were in eighth grade, the victim had told Kerner that appellant had sexually abused her. Though the State attempted to elicit only Kerner's understanding and follow-up actions regarding what the victim had confided in her, the subject-matter of the victim's statements to Kerner was revealed throughout Kerner's testimony.

The next day, the victim testified, without objection and at some length, regarding the numerous instances of sexual abuse. Testifying shortly after the victim was Patricia Salazar. Salazar is a sexual assault nurse examiner (SANE). She testified that, prior to the physical examination and as part of the sexual assault examination process, she obtained from the victim a detailed history of the alleged abuse. She testified that the victim described numerous instances of vaginal and anal penetration by appellant. She

testified that her findings during the sexual assault examination on the victim were consistent with multiple instances of abuse.

The jury assessed a life sentence as punishment for aggravated robbery, and the trial court imposed said sentence on May 13, 2010. Appellant perfected his appeal, one he limits to the trial on punishment, and now contends that the trial court abused its discretion by admitting the testimony of Kerner and Salazar regarding statements made to them concerning the alleged sexual abuse and that cumulative effect of the admission of their testimony amounted to harmful error. We disagree.

## Standard of Review

We review a trial court's decision to admit or exclude evidence for abuse of discretion. Shuffield v. State, 189 S.W.3d 782, 793 (Tex.Crim.App. 2006). A trial court does not abuse its discretion if its decision is within the zone of reasonable disagreement. See Walters v. State, 247 S.W.3d 204, 217 (Tex.Crim.App. 2007); Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g). We will sustain the trial court's decision if that decision is correct on any theory of law applicable to the case. Romero v. State, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).

## Anaylsis

Appellant complains of both Kerner's and Salazar's testimony. For purposes of analysis, we will address Salazar's testimony first.

3

<u>Salazar's testimony</u>

Salazar testified to the statements the victim made to her prior to the physical examination. Consistent with the victim's account of abuse, Salazar's findings indicated that the victim had sustained multiple penetrating injuries.

Appellant contends that Salazar's testimony was inadmissible hearsay. <u>See</u> TEX. R. EVID. 802. However, because the testimony concerned the victim's description of the abuse given during Salazar's sexual assault examination of the victim, Salazar's testimony is excepted from hearsay as "statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." TEX. R. EVID. 803(4). <u>See</u> <u>Sharp v. State</u>, 210 S.W.3d 835, 839 (Tex.App.—Amarillo 2006, no pet.).[2]

For statements to be admissible under Rule 803(4), the proponent of the evidence must show that (1) the declarant was aware that the statements were made for the purposes of medical diagnosis or treatment and that proper diagnosis or treatment depended on the veracity of the statement and (2) the particular statement offered is also "pertinent to treatment," that is, it was reasonable for the health care

---

[2] Appellant invites this Court to reconsider and overrule our holding in <u>Sharp</u>. He supports his invitation by explaining that it is, or should be, well-known that a SANE, such as Salazar, "never actually treats a child, but functions as a pro-prosecution witness in every instance. The function of a [SANE] is to try to assist their prosecution colleagues to secure a conviction, not to treat a child." As our sister court did, we reject appellant's argument regarding the purpose of the SANE examination. <u>Torres v. State</u>, 807 S.W.2d 884, 886–87 (Tex.App.—Corpus Christi 1991, pet. ref'd) (specifically rejecting the kind of argument appellant makes here that Salazar is "collecting evidence for the prosecution, not providing treatment").

4

provider to rely on the particular information in treating the declarant. Taylor v. State, 268 S.W.3d 571, 589, 591 (Tex.Crim.App. 2008); Mbugua v. State, 312 S.W.3d 657, 670–71 (Tex.App.—Houston [1st Dist.] 2009, pet. ref'd).

Here, Salazar testified to her duties and responsibilities as a SANE. She also testified that as a part of the sexual assault examination process, she obtains a history from the child and explains to the child "what we're going to do." Specifically, she testified that she asked the thirteen-year-old victim in this case if she knew why she was at the medical center to undergo the examination, and the victim indicated that she did understand. Salazar explained the relationship between the victim's account of the abuse and the examination, diagnosis, testing, and treatment based on that account: "Basically[,] the reason why we speak to the child is, one, I need to tell the child what we're going to do. And, two, I need to find out what the child can tell me about what happened to their body parts." She went on to explain that she needs to know if there was a transfer of blood or bodily fluid for purposes of testing for diseases and that she needs to know what parts of the body were affected so that she could focus her examination accordingly. Based on this testimony, the trial court could have found that the victim's statements to Salazar during the preliminary interview were reasonably pertinent to diagnosis or treatment. See Taylor, 268 S.W.3d at 589 (discussing the tacit presumption that patients understand that medical professionals' "questions are designed to elicit accurate information and that veracity will serve their best interest); see also Sharp, 210 S.W.3d at 839; Beheler v. State, 3 S.W.3d 182, 188–89 (Tex.App.—Fort Worth 1999, pet. ref'd); Fleming v. State, 819 S.W.2d 237, 247 (Tex.App.—Austin 1991, pet. ref'd).

5

<u>Kerner's testimony</u>

The State concedes that Kerner's testimony was inadmissible as hearsay. It makes no contention that her testimony was admissible as outcry testimony; it acknowledges that it did not give notice of intent to call her as such and could not have done so at any rate because she was not an adult and, therefore, not qualified to be an outcry witness under article 38.072. See TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2010). The State maintains, however, that any error associated with admission of Kerner's testimony was harmless in light of the admission of the victim's own testimony concerning the alleged sexual abuse.

We have reviewed the State's concession in light of the record and find it to be well-taken. Article 38.072 requires that an outcry witness be "18 years of age or older" when the outcry was made, and Kerner was not over the age of eighteen at the time the victim made the statements to her. See id. art. 38.072 § 2(a)(3). Further, as the State concedes it did not do, article 38.072 requires that the offering party provide timely notice of its intent to call an outcry witness. See id. art. 38.072 § 2(b)(1)(A)–(B). We conclude, however, that the error in admitting the hearsay testimony was harmless.

The Texas Court of Criminal Appeals has recently reiterated that "erroneously admitting evidence 'will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.'" Coble v. State, 330 S.W.3d 253, 2010 Tex. Crim. App. LEXIS 1297, at *67 (Tex.Crim.App. 2010) (quoting Leday v. State, 983 S.W.2d 713, 718 (Tex.Crim.App. 1998)); see also Estrada v. State, 313 S.W.3d 274, 302 n.29 (Tex.Crim.App. 2010) (noting that any preserved error with

6

respect to admission of complained-of evidence was harmless in light of "very similar evidence" admitted without objection); <u>McNac v. State</u>, 215 S.W.3d 420, 424–25 (Tex.Crim.App. 2007) (in harm analysis, concluding that the "unchallenged evidence [was] essentially cumulative" of the challenged evidence).  In other words, error in the admission of evidence may be rendered harmless when "substantially the same evidence" is admitted elsewhere without objection.  <u>Mayes v. State</u>, 816 S.W.2d 79, 88 (Tex.Crim.App. 1991).

Not only did the evidence concerning the victim's statements to Salazar regarding the abuse come into evidence under Rule 803(4), the victim herself testified in great detail and without objection as to the multiple instances of abuse by appellant. We conclude that the error in admitting Kerner's testimony was harmless because (1) Salazar's testimony, "very similar" in nature to Kerner's testimony, properly came into evidence as an exception to hearsay and (2) "very similar" evidence was admitted without objection by the victim's own testimony concerning the repeated instances of sexual abuse by appellant.  <u>See</u> <u>Estrada</u>, 313 S.W.3d at 302 n.29.

<u>Cumulative error</u>

Having found no error associated with the admission of Salazar's testimony and having found no harm stemming from any error associated with the admission of Kerner's testimony, we overrule appellant's contention that the cumulative effect of their testimony was harmful error.

Conclusion

Having overruled appellant's point of error, we affirm the trial court's judgment imposing a life sentence.

Mackey K. Hancock
Justice

Publish.