NO. 07-11-0471-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 2, 2012
_____

AARON DIAL,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-427,928; HONORABLE JOHN J. "TREY" MCCLENDON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Aaron Dial, appeals his murder conviction and 99-year sentence.  The two issues posed to us concern the trial court's decision to 1) prevent appellant from cross-examining a State's witness about the State's disposition of criminal proceedings involving and criminal accusations levied against the witness, and 2) admit letters written by appellant that allude to his membership in a gang.  The former allegedly was improper because it denied him the opportunity to confront and cross-examine a witness about possible bias.  The latter was improper because he had not been

afforded reasonable notice of the State's intent to proffer the letters.  We overrule the issues.

*Issue 1 – Evidence of Bias*

Appellant sought to question a State's witness about several criminal matters involving that witness.  One concerned the State's refusal to prosecute a criminal complaint levied against her.  Per the complaint, the witness had failed to perform, in its entirety, a lease of personalty.  The personalty consisted of a Playstation 3 for which she agreed to pay rentals approximating 500 plus dollars.  Because she defaulted after paying 400 plus dollars, the lessor filed a criminal complaint alleging theft. The decision to refuse prosecuting the complaint was made several weeks before the witness testified at appellant's second trial.[1]

Two other criminal matters concerned the witness' prosecution for resisting arrest, which prosecutions were pending when the witness testified at appellant's first trial.  Though originally granted deferred adjudication, the State successfully moved to adjudicate her guilt.  Thereafter, she was placed either on regular probation or sentenced to a relatively short term of incarceration, which term she served on the weekends.  Appellant believed this to be evidence pertaining to her bias since the adjudications occurred shortly before the first trial and the witness indicated that she "appreciate[d]" what the State had done for her.  However, no evidence of record suggests that her decision to testify against appellant was discussed or implicated in the State's decision to seek the minimal punishment she ultimately received.  The witness also testified that her attorney dealt with the State and that she did not meet with

---

[1]Appellant previously had been tried for the same offense, which proceeding ended in a mistrial.  The witness in question had testified at it as well.

anyone from the prosecutor's office. Thereafter, the trial court opted to exclude the evidence since there was no "deal" between the State and the witness or a showing that "her testimony could, in any way, be influenced by that."

The pertinent standard of review is one of abused discretion. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Next, the party attempting to use evidence of criminal matters involving a witness to insinuate that the witness may have a bias favoring the State must establish some causal connection or logical nexus between the charges and the witness' potential bias. *Irby v. State*, 327 S.W.3d 138,147-49 (Tex. Crim. App. 2010), *cert. denied,* __ U.S. __, 131 S.Ct. 904, 178 L.Ed.2d 760 (2011), *quoting Carpenter v. State*, 979 S.W.2d 633, 634 (Tex. Crim. App. 1998).

As for the theft complaint, the witness testified, during *voir dire*, that she did not know of its filing until appellant broached the matter at his trial. Given this, we cannot say that the trial court erred in prohibiting its use as a means of showing bias. *See Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993) (finding no error in the State failing to turn over offense reports which would show bias or interest when the witness did not know he was a suspect in the crimes and there was no legitimate tendency to show he was biased in favor of the State). Indeed, the trial court could have logically concluded that a witness' testimony could not reasonably be influenced by State decisions about which she knew nothing.

As to the disposition of the resisting arrest prosecutions, no one disputes that the underlying crimes occurred before appellant engaged in the conduct resulting in his murder conviction. Nor does anyone deny that the witness had been granted deferred

3

adjudication before them as well. And, while their ultimate disposition came shortly before appellant's trial began and the witness "appreciate[d]" what the State did, no one proffered evidence suggesting that the sentence assessed (and apparently agreed to by the State) differed in any way from that levied in like situations. Nor is there evidence that the topic of the witness testifying against appellant ever arose while she sought to dispose of her own criminal concerns.

Moreover, if the goal of appellant was to show that the witness had reason to testify against appellant and to assist in his conviction, he had available other evidence with which to achieve that result. It consisted of the witness' relationship to the decedent. She was the decedent's niece, and the decedent purportedly was coming to her rescue.[2] So too had appellant allegedly engaged in an altercation with the witness' brother.

Given the presence of other possible motives for the witness favoring appellant's conviction, given the lack of any agreement between the witness and State regarding her testifying in the prosecution of appellant, and given the lack of evidence suggesting, in any way, that the witness received special or better treatment from the State *viz* the disposition of the misdemeanors against her, we cannot say that the trial court erred in finding no logical nexus between the witness' testimony against appellant and the way in which her criminal matters were resolved. In other words, the decision to exclude the evidence fell within the zone of reasonable disagreement and, therefore, did not evince an abuse of discretion. *See Wacholtz v. State,* 296 S.W.3d 855, 857-58 (Tex. App.–

---

[2]Appellant and the witness had engaged in a heated verbal exchange. Upon appellant uttering words which could be interpreted as his intent to strike her if she refused to leave him alone, the decedent allegedly attempted to protect her.

4

Amarillo 2009, pet. ref'd) (holding that a trial court does not abuse its discretion if its decision falls within the zone of reasonable disagreement).

*Issue 2 – Extraneous Offense*

In his second issue, appellant complains of extraneous offense evidence admitted during the punishment phase. The evidence consisted of letters written by appellant after his arrest and in which he made reference to the Rolling Sixties Crip Gang and his affiliation with it. One of the letters came to the knowledge of the State during trial. Appellant argues that he did not receive sufficient notice of the State's intent to proffer them as evidence.

We assume, *arguendo*, that appellant is correct and that the trial court erred in admitting them. The record, nonetheless, contains other evidence, *e.g.* tattoos, of appellant's affiliation with the Rolling Sixties Crips and its involvement with the drug business. Furthermore, appellant does not attack the admission of that evidence on appeal. Given this, we cannot say that admission of the letters was harmful; their tendency to attribute gang affiliation is redundant of other admissible evidence that did the same thing. *See Prieto v. State,* 337 S.W.3d 918, 922 (Tex. App.–Amarillo 2011, pet. ref'd) (stating that the error in the admission of evidence is rendered harmless when like evidence is admitted without objection).

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

5