NO. 07-11-0471-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 OCTOBER 2, 2012
 _____________________________

 AARON DIAL,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2010-427,928; HONORABLE JOHN J. "TREY" MCCLENDON, PRESIDING
 _____________________________

 Memorandum Opinion
 _____________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Appellant, Aaron Dial, appeals his murder conviction and 99-year
sentence. The two issues posed to us concern the trial court's decision to
1) prevent appellant from cross-examining a State's witness about the
State's disposition of criminal proceedings involving and criminal
accusations levied against the witness, and 2) admit letters written by
appellant that allude to his membership in a gang. The former allegedly
was improper because it denied him the opportunity to confront and cross-
examine a witness about possible bias. The latter was improper because he
had not been afforded reasonable notice of the State's intent to proffer
the letters. We overrule the issues.
 Issue 1 - Evidence of Bias
 Appellant sought to question a State's witness about several criminal
matters involving that witness. One concerned the State's refusal to
prosecute a criminal complaint levied against her. Per the complaint, the
witness had failed to perform, in its entirety, a lease of personalty. The
personalty consisted of a Playstation 3 for which she agreed to pay rentals
approximating 500 plus dollars. Because she defaulted after paying 400
plus dollars, the lessor filed a criminal complaint alleging theft. The
decision to refuse prosecuting the complaint was made several weeks before
the witness testified at appellant's second trial.[1]
 Two other criminal matters concerned the witness' prosecution for
resisting arrest, which prosecutions were pending when the witness
testified at appellant's first trial. Though originally granted deferred
adjudication, the State successfully moved to adjudicate her guilt.
Thereafter, she was placed either on regular probation or sentenced to a
relatively short term of incarceration, which term she served on the
weekends. Appellant believed this to be evidence pertaining to her bias
since the adjudications occurred shortly before the first trial and the
witness indicated that she "appreciate[d]" what the State had done for her.
 However, no evidence of record suggests that her decision to testify
against appellant was discussed or implicated in the State's decision to
seek the minimal punishment she ultimately received. The witness also
testified that her attorney dealt with the State and that she did not meet
with anyone from the prosecutor's office. Thereafter, the trial court
opted to exclude the evidence since there was no "deal" between the State
and the witness or a showing that "her testimony could, in any way, be
influenced by that."
 The pertinent standard of review is one of abused discretion.
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Next, the
party attempting to use evidence of criminal matters involving a witness to
insinuate that the witness may have a bias favoring the State must
establish some causal connection or logical nexus between the charges and
the witness' potential bias. Irby v. State, 327 S.W.3d 138,147-49 (Tex.
Crim. App. 2010), cert. denied, __ U.S. __, 131 S.Ct. 904, 178 L.Ed.2d 760
(2011), quoting Carpenter v. State, 979 S.W.2d 633, 634 (Tex. Crim. App.
1998).
 As for the theft complaint, the witness testified, during voir dire,
that she did not know of its filing until appellant broached the matter at
his trial. Given this, we cannot say that the trial court erred in
prohibiting its use as a means of showing bias. See Ex parte Kimes, 872
S.W.2d 700, 703 (Tex. Crim. App. 1993) (finding no error in the State
failing to turn over offense reports which would show bias or interest when
the witness did not know he was a suspect in the crimes and there was no
legitimate tendency to show he was biased in favor of the State). Indeed,
the trial court could have logically concluded that a witness' testimony
could not reasonably be influenced by State decisions about which she knew
nothing.
 As to the disposition of the resisting arrest prosecutions, no one
disputes that the underlying crimes occurred before appellant engaged in
the conduct resulting in his murder conviction. Nor does anyone deny that
the witness had been granted deferred adjudication before them as well.
And, while their ultimate disposition came shortly before appellant's trial
began and the witness "appreciate[d]" what the State did, no one proffered
evidence suggesting that the sentence assessed (and apparently agreed to by
the State) differed in any way from that levied in like situations. Nor is
there evidence that the topic of the witness testifying against appellant
ever arose while she sought to dispose of her own criminal concerns.
 Moreover, if the goal of appellant was to show that the witness had
reason to testify against appellant and to assist in his conviction, he had
available other evidence with which to achieve that result. It consisted
of the witness' relationship to the decedent. She was the decedent's
niece, and the decedent purportedly was coming to her rescue.[2] So too
had appellant allegedly engaged in an altercation with the witness'
brother.
 Given the presence of other possible motives for the witness favoring
appellant's conviction, given the lack of any agreement between the witness
and State regarding her testifying in the prosecution of appellant, and
given the lack of evidence suggesting, in any way, that the witness
received special or better treatment from the State viz the disposition of
the misdemeanors against her, we cannot say that the trial court erred in
finding no logical nexus between the witness' testimony against appellant
and the way in which her criminal matters were resolved. In other words,
the decision to exclude the evidence fell within the zone of reasonable
disagreement and, therefore, did not evince an abuse of discretion. See
Wacholtz v. State, 296 S.W.3d 855, 857-58 (Tex. App.- Amarillo 2009, pet.
ref'd) (holding that a trial court does not abuse its discretion if its
decision falls within the zone of reasonable disagreement).
 Issue 2 - Extraneous Offense
 In his second issue, appellant complains of extraneous offense
evidence admitted during the punishment phase. The evidence consisted of
letters written by appellant after his arrest and in which he made
reference to the Rolling Sixties Crip Gang and his affiliation with it.
One of the letters came to the knowledge of the State during trial.
Appellant argues that he did not receive sufficient notice of the State's
intent to proffer them as evidence.
 We assume, arguendo, that appellant is correct and that the trial
court erred in admitting them. The record, nonetheless, contains other
evidence, e.g. tattoos, of appellant's affiliation with the Rolling Sixties
Crips and its involvement with the drug business. Furthermore, appellant
does not attack the admission of that evidence on appeal. Given this, we
cannot say that admission of the letters was harmful; their tendency to
attribute gang affiliation is redundant of other admissible evidence that
did the same thing. See Prieto v. State, 337 S.W.3d 918, 922 (Tex. App.-
Amarillo 2011, pet. ref'd) (stating that the error in the admission of
evidence is rendered harmless when like evidence is admitted without
objection).
 The judgment is affirmed.

 Brian Quinn
 Chief Justice
Do not publish.

-----------------------
 [1]Appellant previously had been tried for the same offense, which
proceeding ended in a mistrial. The witness in question had testified at
it as well.
 [2]Appellant and the witness had engaged in a heated verbal exchange.
Upon appellant uttering words which could be interpreted as his intent to
strike her if she refused to leave him alone, the decedent allegedly
attempted to protect her.