

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00359-CR

**MARLIN MAURICE NUTALL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 16-04698-CRF-272

## MEMORANDUM OPINION

A jury convicted appellant, Marlin Maurice Nutall, of one count of sexual assault

of D.L., a child, and one count of indecency with R.L., a child, by contact. *See* TEX. PENAL

CODE ANN. §§ 21.11(a)(1), 22.021(a)(1)(B)(i). In two issues on appeal, Nutall contends that

the trial court abused its discretion by admitting statements made by D.L. and R.L. to

sexual assault nurse examiners ("SANE"), which were not shown to be admissible under

Texas Rule of Evidence 803(4). *See* TEX. R. EVID. 803(4). We affirm.

**Issues One and Two**

As mentioned above, Nutall complains about the admission of statements D.L. and R.L. made to SANE nurses. Specifically, Nutall argues that these statements were not admissible under Texas Rule of Evidence 803(4) because the record does not demonstrate that complainants understood the importance of telling the truth to the SANE nurses.

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *See Henley v. State*, 493 S.W.3d 82-83 (Tex. Crim. App. 2016). The trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id.* at 83.

Texas Rule of Evidence 803(4) provides an exception for statements made for medical diagnosis or treatment, regardless of whether the declarant is available to testify. TEX. R. EVID. 803(4). Statements fall under the exception if they are made for, and are reasonably pertinent to, medical diagnosis or treatment, and if they describe medical history, past or present symptoms, their inception, or their general cause. *Id.* For statements to be admissible under Rule 803(4), the proponent of the evidence must show that: (1) the declarant was aware that the statements were made for the purposes of medical diagnosis or treatment and that proper diagnosis or treatment depended on the veracity of the statement; and (2) the particular statement offered is also "pertinent to treatment"; that is, it was reasonable for the health-care provider to rely on the particular

information in treating the declarant. *See Taylor v. State*, 268 S.W.3d 571, 589, 591 (Tex. Crim. App. 2008); *Prieto v. State*, 337 S.W.3d 918, 921 (Tex. App.—Amarillo 2011, pet. ref'd); *Mbugua v. State*, 312 S.W.3d 657, 670-71 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). It is the first *Taylor* factor that Nutall challenges in both of his issues on appeal.

Nancy Downing, a forensic nurse at Baylor Scott & White Hospital in College Station, Texas, testified that the primary purpose of a SANE exam is to find out if the patient is injured, develop a treatment plan, and collect evidence. Nurse Downing further testified that she performed a SANE exam on D.L., who was fourteen years old, on September 11, 2016. As part of the exam, D.L. provided a medical history, which included an identification of Nutall as the person who sexually assaulted her, as well as the details of the alleged sexual assault. Nurse Downing then conducted a physical exam of D.L. and found redness in D.L.'s genitals that Nurse Downing determined was consistent with penetration, as described by D.L.

Shana Locke, also a forensic nurse at Baylor Scott & White Hospital in College Station, stated that the purpose of a SANE exam is to provide medical treatment and that it is important to get a history from a patient to best determine how to treat them. Nurse Locke conducted a SANE exam of R.L., who was fourteen years old, on September 13, 2016. R.L. reluctantly and tearfully indicated on a body diagram that Nutall touched her vagina with his penis.

In *Taylor v. State*, a licensed professional counselor testified about a child complainant's report of the identity of the man that sexually assaulted her. *Taylor*, 268 S.W.3d at 577. Defense counsel objected to this testimony, and the prosecutor argued that the statement was admissible under Texas Rule of Evidence 803(4) as a statement made for medical diagnosis or treatment. *Id.* The trial court overruled the objection, and the court of appeals affirmed. *Id.*

The Court of Criminal Appeals noted that the rationale for Rule 803(4) lies in the "'patient's strong motive to tell the truth because diagnosis or treatment will depend in part upon what the patient says.'" *Id.* (quoting *United States v. Iron Shell*, 633 F.2d 77, 83 (8th Cir. 1980) ("This principle recognizes that life and death decisions are made by physicians in reliance on such facts and as such should have sufficient trustworthiness to be admissible in a court of law.")). Thus, "it is appropriate to require the proponent of the evidence to show that the out-of-court declarant was aware that the statements were made for [purposes of diagnosis or treatment] and that proper diagnosis or treatment depends upon the veracity of such statements." *Id.* at 588-89. "Absent such an awareness on the declarant's part, we cannot be sure that the self-interested motive to tell the truth, making such statements sufficiently trustworthy to overcome a hearsay objection, is present." *Id.* at 589.

The *Taylor* Court then recognized:

Still, we recognize that reclining on a therapist's or psychiatrist's couch is not quite the same as sitting in the emergency room in the immediate

aftermath of an injury or on the physician's cold examination table in the interest of diagnosing and curing some exigent disease or ailment. In the latter contexts, it seems only natural to presume that adults, and even children of a sufficient age or apparent maturity, will have an implicit awareness that the doctor's questions are designed to elicit accurate information and that veracity will serve their best interest. This explains the almost universal tendency of courts under these circumstances to assay the record, not for evidence of such an awareness, but for any evidence that would negate such an awareness, even while recognizing that the burden is on the proponent of the hearsay to show that the Rule 803(4) exception applies.

*Taylor*, 268 S.W.3d at 589 (citing *United States v. Renville*, 779 F.2d 430, 439 (8th Cir. 1985); *United States v. Iron Shell*, 633 F.2d 77, 84 (8th Cir. 1980)). The *Taylor* Court ultimately found that "[i]t is not readily apparent that knowing the appellant's identity was pertinent to [the counselor's] treatment of [the complainant] for the trauma of the sexual assault . . . ." *Id.* at 591. As such, the State did not meet its burden to show that the complainant "understood that truthfulness about the identity of her assailant was important to the efficacy of her treatment for these issues." *Id.*

We find *Taylor* to be distinguishable from the present case. The evidence at issue in this case did not involve a mental-health therapist, counselor, or psychiatrist. Rather, it involved two nurses—Nurses Downing and Locke—in a hospital setting providing treatment to D.L. and R.L. for a medical condition. Furthermore, the record demonstrates that D.L. and R.L. are twin sisters and that they were fourteen years old at the time of the SANE exams. We "presume" that a child of a sufficient age "will have an implicit awareness that the doctor's questions are designed to elicit accurate information and that

veracity will serve their best interest." *Taylor*, 268 S.W.3d at 589; *see Beheler v. State*, 3 S.W.3d 182, 188 (Tex. App.—Fort Worth 1999, pet. ref'd) (stating that there is no requirement that a witness expressly state that the hearsay declarant recognized the need to be truthful in her statements for the medical exception to apply, even if the declarant is a child); *see also Barnes v. State*, 165 S.W.3d 75, 83 (Tex. App.—Austin 2005, no pet.) (holding that it was not necessary for the SANE nurse to specifically inquire whether the child victim appreciated the need to be truthful because the evidence supported a finding that the child victim understood the need to be truthful, especially given that the child victim was ten years old and was sufficiently mature to be interviewed outside the presence of her grandmother).

Moreover, in determining whether a statement was made for the purpose of medical diagnosis or treatment, we review the record for "any evidence that would negate such awareness." *Taylor*, 268 S.W.3d at 589. Here, there is no such evidence. Instead, the record demonstrates that D.L. and R.L. were old enough and mature enough to understand the need to be truthful in statements made to Nurses Downing and Locke during the SANE exams. *See id.* at 591 (noting that "a statement from a child-declarant revealing the identity of the perpetrator of sexual abuse is pertinent" to medical treatment "because it is important for a physician to discover the extent of the child's 'emotional and psychological injuries'—particularly when the perpetrator might be family or

household member and it is important to remove the child from the abusive environment." (citing *Renville*, 779 F.2d at 438)).

Based on the foregoing, we conclude that the State met its burden to establish that statements made by D.L. and R.L. to SANE Nurses Downing and Locke were admissible under Texas Rule of Evidence 803(4). *See* TEX. R. EVID. 803(4); *see also Taylor*, 268 S.W.3d at 589; *Barnes*, 165 S.W.3d at 83; *Beheler*, 3 S.W.3d at 189. As such, we cannot say that it was an abuse of discretion to admit these statements. *See* TEX. R. EVID. 803(4); *see also Henley*, 493 S.W.3d at 82-83.

Additionally, the substance of the records was admitted elsewhere through the testimony of D.L. and R.L. without objection. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (holding that any error in the admission of evidence is cured when the same evidence is admitted elsewhere without objection); *see also Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (same). Accordingly, we overrule both of Nutall's issues on appeal.

## Conclusion

We affirm the judgments of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Wright[1]
Affirmed
Opinion delivered and filed August 25, 2021
Do not publish
[CRPM]



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.