**Opinion filed August 31, 2023**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00089-CR

_____

## JAMES HARVEY TROLLINGER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 16940**

## M E M O R A N D U M   O P I N I O N

James Harvey Trollinger, Appellant, challenges his convictions for sexual assault of a child and indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West Supp. 2022), § 21.11(a)(1) (West 2019). The jury found Appellant guilty of both offenses. For the sexual-assault conviction, the jury assessed Appellant's punishment at fifteen years' imprisonment in the Institutional

Division of the Texas Department of Criminal Justice (TDCJ) and a $5,000 fine. For the indecency-with-a-child conviction, the jury assessed Appellant's punishment at twelve years' imprisonment in TDCJ and a $2,500 fine. The trial court sentenced Appellant in accordance with the jury's verdicts, and, on the State's motion, ordered Appellant's sentences to run consecutively. Appellant raises two issues for our review that relate to the admission of the testimony and written report of a sexual assault nurse examiner (SANE). We affirm.

*Factual and Procedural History*

Appellant lived with K.R. and her family; Appellant was K.R.'s stepfather. In early 2018, when K.R. was sixteen, her mother took a job working nights. When Appellant was home alone with K.R. he began to touch her inappropriately. As Appellant's actions against K.R. progressed, he would come into K.R.'s room and touch her breasts. Appellant continued his abuse by repeatedly contacting K.R.'s sexual organ, including digital penetration.

After nine months of escalating abuse, K.R. outcried to her aunt and K.R. reported the abuse to the police. K.R. underwent a forensic interview at the Children's Alliance Center. The Mineral Wells Police Department requested that K.R. undergo a sexual assault examination at Cook Children's Hospital. Bren Ledbetter, a certified SANE, conducted the examination. After discussing with K.R. and her mother, K.R.'s medical history and Appellant's actions, Ledbetter evaluated K.R. for injuries and sexually transmitted infections. Following their investigation, the police obtained a warrant and arrested Appellant. After waiving his *Miranda* rights, Appellant talked with police and eventually confessed that he had touched K.R. underneath her clothes.

At trial, K.R. testified regarding when the sexual assaults started, where Appellant touched her, and Appellant's statements made to her about the assaults.

Following K.R.'s testimony, the State called Ledbetter as a witness. Appellant objected to any testimony by Ledbetter regarding K.R.'s statements to her during the examination as inadmissible hearsay. The State argued that the statements were admissible under Rule 801(e)(1)(B) of the Texas Rules of Evidence to rebut Appellant's challenges to the statements and memory of K.R. and under Rule 803(4) as statements reasonably pertinent to medical diagnosis or treatment. Appellant argued that the statements were cumulative of K.R.'s other consistent statements and, because K.R. underwent an examination at the request of law enforcement, her statements to a SANE would not have been made for her diagnosis and medical treatment. The trial court overruled Appellant's objections and granted a running objection to testimony from Ledbetter regarding K.R.'s statements to her during the examination. During Ledbetter's testimony, the State offered the SANE report in its entirety. Appellant loosely objected to "the hearsay statements that are contained within the report." The trial court overruled this objection as well. On appeal, Appellant contends that both of the trial court's hearsay rulings were an abuse of discretion.

*Analysis*

In Appellant's first issue, he argues that the trial court erred when it permitted Ledbetter to testify as to the statements K.R. made during the sexual assault examination. Appellant cites no case law in support of his position.[1]

---

[1]Appellant provides minimal authority for his assertion that the trial court abused its discretion when it overruled Appellant's objection to Ledbetter's "hearsay statements made to her from the victim." In fact, Appellant does not cite a single case in his brief to support his argument. Furthermore, Appellant's brief makes no further effort to identify the specific statements at issue. As a result, Appellant's first argument narrowly avoids waiver. *See* TEX. R. APP. P. 38.1(i). Accordingly, we confine our analysis of this issue to Rule 803(4) of the Texas Rules of Evidence.

We review the trial court's exclusion of evidence under an abuse of discretion standard. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or when it acts arbitrarily or unreasonably. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)). Therefore, we will uphold a trial court's ruling on admissibility if it is within the "zone of reasonable disagreement." *Inthalangsy v. State*, 634 S.W.3d 749, 754 (Tex. Crim. App. 2021) (quoting *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001)).

Hearsay is an out-of-court statement made for the truth of the matter asserted. TEX. R. EVID. 801(d). A statement made for medical diagnosis or treatment is considered an exception to Rule 802, the rule against hearsay. TEX. R. EVID. 803(4). The admissibility of statements under Rule 803(4), depend upon the proponent of the evidence showing that (1) the declarant was aware that the statement was made for the purposes of medical diagnosis or treatment and that proper diagnosis or treatment was dependent upon the veracity of the statement, and (2) the statement offered is pertinent to treatment. *Taylor v. State*, 268 S.W.3d 571, 589, 591 (Tex. Crim. App. 2008); *Prieto v. State*, 337 S.W.3d 918, 921 (Tex. App.—Amarillo 2011, pet. ref'd).

Here, Ledbetter testified to her education, experience, duties, and responsibilities as a SANE. She also testified that, as a part of the sexual assault examination process, she asks the parent for a background of the child's medical history. Ledbetter states in her report that K.R. understood that she was "here today for a medical exam for the purpose of diagnosis and treatment." Ledbetter also explained the medical purposes of the examination. She stated that, "the reason that kids are referred is because we may need to do testing for sexually transmitted infections." She stated that part of the examination "also involves an anal/genital

exam . . . to make sure that [there are no] signs of infection or injury or healed injury or anything like that." Ledbetter further testified that children referred to her when "there's been skin-to-skin contact between genitals or touching of genitals or oral contact . . . may need to be evaluated for injury." She testified that, "a lot of times it's a healing process for kids . . . knowing that their bodies are okay after what happened and what happened to them doesn't mark them for the rest of their lives." The State confirmed the medical nature of the visit with Ledbetter as follows:

> Q. Okay. And so that process you were talking about going through with the child and getting medical history from a parent or adult who's with the child and then from the child, is that done for the purpose of carrying out that medical diagnosis and treatment?
>
> A. Yes. I'm trying to get as much information as I can so that I know what I need to be doing.

Ledbetter's testimony laid out, in context, the careful and methodical taking of the medical history of a patient who has experienced sexual trauma. The responses then of K.R. were made for and were reasonably pertinent to her medical diagnosis or treatment. *See* TEX. R. EVID. 803(4)(A). Further, K.R.'s statements described her relevant "medical history; past or present symptoms or sensations; their inception; or their general cause" for Ledbetter. *Id.* R. 803(4)(B). This testimony is admissible as an exception to the hearsay rule because it establishes that children like K.R. understand that they are offering statements for the purpose of medical treatment, and their statements, like those made by K.R. to Ledbetter during the examination, are reasonably pertinent to diagnosis or treatment. *See Taylor*, 268 S.W.3d at 589 (discussing the tacit presumption that patients understand that medical professionals' "questions are designed to elicit accurate information and that veracity will serve their best interest"); *see also Sharp v. State*, 210 S.W.3d 835, 839 (Tex. App.—Amarillo 2006, no pet.); *Beheler v. State*, 3 S.W.3d 182, 188–89 (Tex.

App.—Fort Worth 1999, pet. ref'd); *Fleming v. State*, 819 S.W.2d 237, 247 (Tex. App.—Austin 1991, pet. ref'd).

Ledbetter's subsequent recitation of K.R.'s statements made during her examination related to K.R.'s medical diagnosis. These various statements, transcribed within eight pages of the court reporter's record, are all statements reasonably pertinent to the examination of a trauma patient like K.R. *See Westbrook v. State*, No. 10-19-00119-CR, 2021 WL 3773474, at *9–10 (Tex. App.—Waco Aug. 25, 2021, pet. ref'd) (mem. op., not designated for publication) (concluding that nothing in the record supported the conclusion that the eight-year-old child was unaware that the purpose of the SANE's questions was to provide medical treatment or diagnosis, or was unaware of the necessity to be truthful where the child described incidents of sexual abuse after SANE explained who SANE was and the purpose of the visit (a medical examination), obtained a medical history from the child, and asked the child if she knew why she was there). That K.R. underwent a sexual assault examination at the referral of law enforcement does not change the medical nature of the examination. *See Prieto*, 337 S.W.3d at 920 n. 2; *Torres v. State*, 807 S.W.2d 884, 886–87 (Tex. App.—Corpus Christi–Edinburg 1991, pet. ref'd).

Some of our sister courts of appeals have concluded that, consistent with Rule 803(4), when a patient gives a verbal history to a SANE or other medical professional during a sexual assault examination for the purpose of receiving medical treatment, that history is admissible. *See Kirkman v. State*, No. 01-18-00978-CR, 2020 WL 2026372, at *3 n.3 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, pet. ref'd) (mem. op., not designated for publication); *see also Metoyer v. State*, No. 13-18-00573-CR, 2019 WL 3331634, at *2 (Tex. App.—Corpus Christi–Edinburg July 25, 2019, pet. ref'd) (mem. op., not designated for publication);

*Garrett v. State*, No. 12-15-00208-CR, 2017 WL 1075710, at *3 (Tex. App.—Tyler Mar. 22, 2017, no pet.) (mem. op., not designated for publication); *see generally Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref'd) (noting that the object of a sexual assault examination is to ascertain whether the victim has been sexually abused and to determine whether further medical attention is needed, and therefore, the victim's statements describing acts of sexual abuse are pertinent to the victim's medical diagnosis and treatment). The trial court properly admitted Ledbetter's testimony regarding K.R.'s statements to her. Appellant's first issue is overruled.

Appellant's second issue, that the trial court erred in admitting the SANE report itself, is inadequately briefed.[2] The Texas Rules of Appellate Procedure require an appellant to "state concisely all issues or points presented for review" and to make "a clear and concise argument" for each issue raised, "with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i). Rule 38.1(i) requires both citations to legal authority and a clear and concise argument for the contentions made in the appellant's substantive analysis in regard to the issues raised. *See* TEX. R. APP. P. 38.1(i). Failure to either cite legal authority or advance arguments for the contentions made in an appellant's substantive analysis waives the issue on appeal. *See Gonzalez v. State*, 616 S.W.3d 585, 587 (Tex. Crim. App. 2020); *Wolfe v. State*, 509 S.W.3d 325, 343–45 (Tex. Crim. App. 2017); *Edmondson v. State*, 399 S.W.3d 607, 612 (Tex. App.—Eastland 2013, no pet.).

Appellant does not cite any case law or other legal authority in his argument for his second issue. He does not point out with specificity the objectionable

---

[2]We reviewed Appellant's trial objections in an effort to obtain a specific complaint relative to Appellant's second issue. The full objection made at trial to the admission of Ledbetter's twelve-page report was only: "Your Honor, I'm going to object to the hearsay statements that are contained within the report."

statements contained in the twelve-page report. The entirety of his appellate argument is reprinted below:

> The trial court abused its discretion in overruling Appellant's objection to the hearsay testimony of Nurse Ledbetter [sic] written report. The State offered State's Exhibit 3, the written Physical and Sexual Abuse Medical Protocol report of Nurse Ledbetter's report. Appellant objected and the Court overruled the objection. (7 RR 129, 130). No exception to the hearsay rule was even offered by the State in support of admitting the written report.

His argument, which is devoid of citations to legal authorities and the record, is inadequately briefed. *See Wolfe*, 509 S.W.3d at 345. Appellant also fails to address any harm or provide authority that would suggest that the result would have been different if the SANE report had been excluded.[3] *See Walker v. State,* No. 01-21-00323-CR, 2022 WL 17981670 at \*5 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd) (admission of outcry witness hearsay regarding the sexual assault of a child is subject to a harm analysis and, without same, appellant therefore inadequately briefed the erroneous admission of hearsay evidence issue). We are not obligated to make Appellant's arguments for him. *See Mendoza v. State*, No. 11-15-00232-CR, 2017 WL 4545280, at \*7 (Tex. App.—Eastland Oct. 12, 2017, pet. ref'd) (mem. op., not designated for publication).

We note that the appellant in *Westbrook v. State* also argued that the trial court erred in admitting the testimony of the SANE nurse regarding her report and in admitting the report itself. *Westbrook v. State*, No. 10-19-00119-CR, 2021 WL 3773474, at \*7 (Tex. App.—Waco Aug. 25, 2021, pet. ref'd) (mem. op., not designated for publication). The court in *Westbrook* held that the trial court did not abuse its discretion in admitting the report. *Id.* at \*10. In light of the fact that the

---

[3]We note that Appellant does not include any briefing or argument regarding harm with regard to his first appellate issue either.

basis of the contents of the SANE report had already been testified to by Ledbetter, the information therein being obtained as "a part of [her] regularly conducted business activities in the CARE Team," trial counsel's overbroad objection, and Appellant's inadequate briefing on the issue before us, we agree with the court's reasoning in *Westbrook* and hold that the trial court did not abuse its discretion when it admitted the SANE report. Appellant's second issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


August 31, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.